# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 399 | **DATE** | 2/14/2012 |
| **CASE TITLE** | Roosevelt Jackson (#11-6128) vs. Will County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [4] is denied without prejudice. Plaintiff's complaint is dismissed without prejudice. Plaintiff is given until 3/16/12 to: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. The clerk shall send Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. If the court receives no pleadings in response to this order by 3/16/12, this case will be summarily dismissed. Plaintiff's motion for the appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff Roosevelt Jackson, a Will County Jail inmate, has filed this 42 U.S.C. § 1983 against Will County Jail, Will County Sheriff Paul Kaupas, Warden Michael O'Leary, and Correctional Officer Wolf. Plaintiff alleges that, on December 29, 2010, Officer Wolf made Plaintiff open his legal mail in Wolf's presence. Plaintiff states that his "legal strategy was disclosed" and that the envelope was severely damaged and "sloppily taped" closed. (Complaint at 4.) Plaintiff also asserts false arrest, false imprisonment, and malicious prosecution, but he provides no details about these claims. (*Id.* at 5.) Plaintiff seeks to file his complaint *in forma pauperis*.

     Plaintiff's *in forma pauperis* ("IFP") application is incomplete as it contains no trust fund account statement. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If Plaintiff is unable to prepay the $350 filing fee, he may submit an IFP application to pay the fee in installments. To enable the court to determine if Plaintiff qualifies as a pauper, his application must include not only a certificate from an authorized officer about the current balance in Plaintiff's account, but also "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP motion does not contain a copy of this statement, and is thus denied without prejudice to him submitting a completed application. Plaintiff's failure to either pay the filing fee or submit a completed IFP application by 3/16/12 will result in dismissal of this case. Local Rule 3.3(e).

     Additionally, Plaintiff's complaint cannot proceed in this court. First, Plaintiff asserts two distinct claims in his complaint against different Defendants: (1) Officer Wolf opened Plaintiff's legal mail, and (2) false arrest, false imprisonment, and malicious prosecution. Although it is unclear which Defendants are named for false arrest, false imprisonment, and malicious prosecution, Officer Wolf does not appear to be associated with these claims. A complaint may not state unrelated claims against different Defendants. *See George v. Smtih*, 507 F.3d 605, 607-08 (7th Cir. 2007) (a plaintiff must file unrelated claims against different defendants in separate suits).

     With respect to Plaintiff's claim about his legal mail, he alleges only one incident where his mail was

opened in the presence of an officer. Searches of prisoners' outgoing mail is permissible for security purposes, such as searching for contraband, escape plans, and the like. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986). Although legal mail generally deserves more privacy because of certain rights and privileges that may be involved, such as an attorney-client relationship and the ability to keep trial strategies private, legal mail may nonetheless be opened and inspected under some circumstances, for instance, if it is not specially marked, not obviously designated as privileged mail, or for routine checks for contraband. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (no constitutional violation was found with the opening of legal mail in the in the inmate's presence). Even if opening legal mail invaded Plaintiff's right to privacy or interfered with his attorney-client relationship, one incident typically does not state a constitutional claim, and an inmate usually must demonstrate "a systematic pattern or practice of interference" with legal mail to support a § 1983 action. *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987); *Gevas v. Ryker*, No. 10-493-MJR, 2011 WL 711078 at *6 (S.D. Feb. 20, 2011) (Reagn, J.). Accordingly, Plaintiff cannot proceed with this claim.

With respect to Plaintiff's other claims of false arrest, false imprisonment, assault, and malicious prosecution, Plaintiff provides no information or details about these claims. Under the notice pleading requirement, a complaint must not only state a federal claim, but it must also provide defendants sufficient notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Mere labels, conclusions, and a formulaic recitation of the elements of a cause of action are insufficient. *Twombly*, 544 U.S. at 555. The allegations of a complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007). Plaintiff's mere recitation of various claims does not satisfy the notice-pleading requirement.

Accordingly, Plaintiff's complaint is dismissed. To proceed with this case, he must submit an amended complaint that does not join unrelated claims against different defendants, and that both sufficiently states a valid claim and provides sufficient notice of that claim and the grounds upon which it rests. If Plaintiff files an amended complaint, he must include a judge's copy, as well as a service copy for each named defendant, and he must state all the claims he seeks to bring in this case, as the court will refer only to the amended complaint and not prior ones to determine the claims and parties of this case.

Plaintiff is given until 3/16/12 to satisfy both the filing fee requirement and file an amended complaint. If no pleadings are received by that time, this case will be summarily dismissed.